UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONY JENKINS,

          Petitioner,

v.                                  Case No. 3:07-cv-1175-J-33MCR

WALTER A. MCNEIL,[1]
et al.,

          Respondents.
_____

**ORDER OF DISMISSAL WITH PREJUDICE**

    Petitioner Tony Jenkins, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on December 13, 2007.[2] Petitioner challenges a 2002 state court (St. Johns County, Florida) judgment of conviction for sale of cocaine.

    On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

---

    [1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted for James R. McDonough as the proper party Respondent having custody over Petitioner.

    [2] The Petition (Doc. #1) was filed in this Court on December 13, 2007; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court (December 11, 2007). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Response to Petition

(Doc. #7) (hereinafter Response).[3]   Petitioner was given admonitions and a time-frame to respond. <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #6). As of the date of this Order, Petitioner has not responded.

On December 19, 2001, Petitioner Jenkins was charged by Information in St. Johns County, Florida, with one count of sale of cocaine. Ex. A at 53. On October 23, 2002, a trial by jury was held. Ex. B at 1-219. The evidence at trial established that Jenkins sold crack cocaine to a confidential informant. Jenkins' defense at trial was mistaken identity. Petitioner Jenkins was found guilty of sale of cocaine, as charged. <u>Id</u>. at 214. On December 5, 2002, Petitioner was sentenced, as an habitual felony offender, to twenty (20) years of incarceration. Ex. A at 104-11. Thereafter, Petitioner was re-sentenced to a non-habitual offender sentence of fifteen (15) years of incarceration. <u>Id</u>. at 297.

Petitioner appealed his conviction and sentence. <u>Id</u>. at 125. In the appellate brief, he raised one claim: the trial court erred by ordering Jenkins to display a tattoo when the State failed to establish a proper predicate that Jenkins had the tattoo at the time of the crime. Ex. C. The State filed an answer brief. <u>Id</u>. at 13. On February 17, 2004, the appellate court per curiam affirmed without issuing a written opinion. <u>Jenkins v. State</u>, 866

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

So.2d 1229 (Fla. 5th DCA 2004); Ex. C at 30. The mandate was issued on March 5, 2004. Ex. C at 31.

Petitioner's conviction became final on May 18, 2004. See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that entry of judgment, and not the issuance of the mandate, starts the clock running for the time to petition the United States Supreme Court for certiorari review); Supreme Court Rule 13.3.[4] This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from the date his case became final to file the federal petition (May 18, 2005). His Petition, filed in this Court on December 11, 2007, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

Thus, the one-year period of limitation ran for three-hundred and six (306) days until March 21, 2005, when Petitioner turned over for mailing a Fla. R. Crim. P. 3.800(a) motion to correct illegal sentence. Ex. D at 1. On March 29, 2005, the motion was summarily denied. Id. at 4. Petitioner appealed the denial of the motion, and on June 14, 2005, without requiring a response from the State, the appellate court per curiam affirmed. Jenkins v. State,

---

[4] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]" Thus, Petitioner had ninety days in which to file a petition for a writ of certiorari in the United States Supreme Court after the appellate court entered judgment.

905 So.2d 147 (Fla. 5th DCA 2005); Ex. D at 8.  The mandate was issued on July 1, 2005.  Ex. D at 9.

The one-year period of limitation ran for sixteen (16) days until July 18, 2005, when Petitioner turned over for mailing a Rule 3.800(a) motion to correct illegal sentence.  Ex. E at 1. On July 27, 2005, the motion was denied.  Id. at 4.  Petitioner Jenkins did not appeal the denial of the motion, but had thirty days in which to do so (until August 26, 2005).

The one-year period of limitation ran for six (6) days until Petitioner, on September 2, 2005, turned over for mailing a petition for writ of habeas corpus, which was filed in the appellate court.  Ex. F at 1.  Petitioner claimed that appellate counsel was ineffective for failing to argue on appeal that fundamental error occurred when the trial judge failed to give a jury instruction.  The State was ordered to and did file a response to the petition.  Id. at 30, 31.  On December 22, 2005, the petition was denied.  Id. at 38.  Petitioner filed a motion for rehearing, which he did not serve on the State and which was denied on January 13, 2006.  Id. at 39.

The one-year period of limitation ran for forty-seven (47) days until, on March 2, 2006, Petitioner Jenkins turned over for mailing a Fla. R. Crim. P. 3.850 motion for post conviction relief, raising eight grounds for relief.  Ex. G at 1-21.  On May 2, 2006, the trial judge summarily denied grounds 2-7 of the motion, ordered

the State to respond to ground 1 and reserved ruling on ground 8. Id. at 32-36. The State filed a response to ground 1. Id. at 62. Petitioner filed a reply. Id. at 65. The Stated filed a response to the reply. Id. at 68. The trial judge ordered that an evidentiary hearing be conducted. Id. at 71-73. An evidentiary hearing was held on December 14, 2006, and February 14, 2007. Id. at 98-138, 139-189. On April 19, 2007, the trial judge entered a written order denying grounds 1 and 8 of the Rule 3.850 motion. Id. at 78-81.

Jenkins appealed, and an attorney was appointed to represent him. Ex. H at 16. An initial brief was filed pursuant to Anders v. California, 386 U.S. 738 (1967), as well as a motion to withdraw. Id. at 1, 17. The court issued its Anders order. Id. at 19. The State filed a notice of intent not to file a response unless ordered to do so by the court. Id. at 20. Petitioner filed a *pro se* supplemental brief. Id. at 22. The State again filed a notice of intent not to respond unless ordered to do so by the court. Id. at 34. On October 23, 2007, without requiring a response from the State, the denial of the Rule 3.850 motion was per curiam affirmed. Jenkins v. State, 967 So.2d 216 (Fla. 5th DCA 2007); Ex. H at 39. On that same day, the motion to withdraw was granted. Ex. H at 36. On November 9, 2007, the mandate was issued. Id. at 38. Petitioner's motion for rehearing was denied on January 14, 2008. Id. at 37, 41.

On December 11, 2007, Petitioner filed his Petition in this Court.  Thus, Petitioner utilized three-hundred and seventy-five (375) days of the one-year period of limitation.  Clearly, the Petition is untimely filed in this Court.  Petitioner has not shown a justifiable reason why the dictates of the one-year limitation period should not be imposed upon him.  For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.  This case is **DISMISSED** with prejudice.

2.  The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.  The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 4th day of May, 2008.

                                              VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE

sc 4/29
c:
Tony Jenkins
Assistant Attorney General (Parrish)